SUCCESSION OF ALLEN J. KEY — THOMAS MASKELL, Curator, Appellant.

APPEAL from the Court of Probates of St. Mary, *Dumartrait,* J.

*Maskell,* appellant, *pro se.*

*Gibbon,* contra.

SIMON, J. This suit is brought by the curator of the estate of Allen J. Key, for the purpose of being authorized to sell several slaves, whom the deceased, in an instrument purporting to be his last will, made in the form of a nuncupative testament under private signature, directs to be emancipated. The curator alleges, that said will is null and void, and prays, that it may be so declared, and the succession disposed of for the benefit of the legal heirs of the testator, without any regard to the dispositions contained in his testament.

Issue was joined by one of the legatees, who, in support of the legality of the will, avers that the same has already been admitted to probate as being in due form, and ordered to be executed. She prays that it may be carried into effect,and that she be decreed to have an equal share with the other heirs of the deceased.

The inferior court declared the will valid, and ordered that it

should be carried into execution. From this judgment the curator has appealed.

The only ground urged before us, and relied on by the appellant's counsel against the validity of the will under consideration, is, that it was not read *by the testator to the witnesses*, nor was it read *by one of the witnesses to the rest* in the presence of the testator. This is one of the requisites of the 1575th art. of the Civil Code, and whether it was complied with or not, is a question of fact, the solution of which must be sought for in the parol evidence adduced in support of the validity of the testament.

It appears from the testimony, that the will was dictated by the testator to one of the witnesses, (Conrad,) in the presence of all the other witnesses ; that after being written by the witness Conrad, it was read over to the testator, in the presence of all the witnesses who subscribed the will ; and that, upon being asked if that was his will and if it was all right, the testator answered it was. It is true the witness, Conrad, states in his testimony, that *he is not sure* that he read it himself to the testator, but that his opinion is that he handed it to Mr. Bowles, (who is not one of the witnesses to the will,) after he, Conrad, had commenced reading it, and that it was then read over by Bowles. But one of the other witnesses to the will, (Anderson,) after first saying that he was not positive whether the will was read by Conrad or by Bowles, appears to state from further recollection, and in positive terms, that " the will was read over by Conrad to all the witnesses in the room of the testator in an audible voice, and that said will was afterwards read over by Bowles to the testator in presence of all the witnesses." If the will was read in an audible voice in the room of the testator, who was then sick in his bed, it necessarily follows that it was read in his presence, and he must have heard it. However uncertain it may appear, the Judge who tried the cause below, and who saw and heard the witnesses who testified before him, was of opinion that the legal requisites had been sufficiently complied with, and that the will had been read by one of the witnesses to the rest, in presence of the testator ; and we are not prepared, from the evidence, to say that he erred. Certain it is, that no fraud could have been committed, since the will was dictated by the testator in the presence of the witnesses, to whom

it appears to have been read twice successively, and the testator was satisfied of its correctness after it had been read over to him.

*Judgment affirmed.*